**FILED**
**U.S. District Court**
**District of Kansas**
10/02/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JONATHAN RODGER NELSON,**

**Plaintiff,**

**v.** **CASE NO. 26-3291-JWL**

**UNITED STATES OF AMERICA,**

**Defendant.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se action under the Federal Tort Claims Act ("FTCA"). The Court granted Plaintiff leave to proceed in forma pauperis. Although Plaintiff is currently incarcerated at the Oakdale FCI in Oakdale, Louisiana, his claims relate to his incarceration at USP Leavenworth[1] in Leavenworth, Kansas ("USPL").

## I. Nature of the Matter Before the Court

Plaintiff claims that on September 18, 2022, he slipped and fell while walking across the common area floor of A-3 Housing Unit at USPL, landing harshly on his tailbone and spine. (Doc. 1, at 2.) His attached affidavit states that there was a watery, oily substance on the common area floor with no warning signs, and the unit officer had been informed about the spill several times during their shift. (Doc. 1–1, at 3.) Plaintiff asserts that his claims are based on both premises liability and medical negligence/malpractice. (Doc. 1, at 3.)

Plaintiff claims that Defendant's employees failed to maintain safe living conditions, failed to monitor the area, and failed to notice or intervene when untrained prisoners moved Plaintiff from the accident site, exacerbating his injuries.[2] *Id*. at 1–2. Plaintiff claims that he suffered the

---

[1] The name of the facility has changed to FCI-Leavenworth.

[2] Plaintiff states in his attached affidavit that he had previously suffered a spinal fracture from a work-related accident on July 18, 2017. (Doc. 1–2, at 6.)

following injuries: compression fracture and injury to lumbar spinal vertebrae; extreme pain and difficulty walking, sitting, standing, and bending; loss of mobility, confining Plaintiff to a chair or bed greater than 90% of all waking hours; loss of urinary and bowel controls on a continuing basis; worsening of prior, documented spinal/vertebrae fractures/injuries; and other injuries which will be proven at trial. *Id*. at 2.

Plaintiff also claims that Defendant's employees failed to render reasonable or timely access to medical care, including: failure to activate the established emergency response procedure; failure to conduct an adequate spinal examination; failure to immobilize or protect Plaintiff from improper movement, and/or preventing other, untrained individuals from rendering aid at the time of injury; failure to obtain timely diagnostic imaging, where no imaging was made available until several weeks after the initial accident and injury occurred; failure to arrange physician or outside hospital evaluation; and failure to accurately document the hazard, mechanism, severity, and response to Plaintiff's injuries and necessary care. *Id*. Plaintiff claims that he can demonstrate—through before and after comparisons—that his prior injuries were exacerbated by the accident at USPL. *Id*. at 3.

On February 25, 2024, Plaintiff filed a $2,500,000 Claim for Damages pursuant to the FTCA. *Id*. Plaintiff received his final denial on February 3, 2026. *Id*. Plaintiff claims that on May 5, 2026, due to "late-discovered information provided to Plaintiff under the Freedom of Information Act/Privacy Act . . . [he] sought to file an Amended Claim for Damages in the amount of $7,500,000.[3] *Id*. at 4. Plaintiff claims that "[o]n July 14, 2026, the Federal Bureau of Prisons, Regional Counsel, North Central Region, forwarded a check copy of it's [sic] earlier, February

[3] In his attached affidavit, Plaintiff claims that in obtaining the "Institutional Supplement(s) for Program Statement 6031.04" per his FOIA request, he discovered that USPL staff had a known obligation to activate emergency medical services for known medical emergencies, and that the BOP did not report his accident to the marshals even though he had not yet been convicted. (Doc. 1–2, at 13, 15.)

2026 Final Denial; Defendant's employees did not evaluate the Amended Claim for Damages or provide it's [sic] material submissions with any discernable review or response." *Id*.

Plaintiff claims that the Court must determine whether equitable tolling applies considering Plaintiff's pro se status, his incarceration, his ongoing medical and physical complication, and the BOP's denial of his claims outside the procedural timeframe for response. *Id*.

**II. Statutory Screening**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual

allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

**III. Discussion**

The FTCA, 28 U.S.C. §§ 1346(b)(1), 2671–2680, "allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties." *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing § 1346(b)(1)). The FTCA "provides the exclusive avenue to assert a claim sounding in tort against the United States." *Franklin Sav. Corp., In re*, 385 F.3d 1279, 1286 (10th Cir. 2004), *cert. denied*, 546 U.S. 814 (2005) (citing 28 U.S.C. § 2679(a), which provides that "the FTCA remedy is 'exclusive' for all 'claims which are cognizable under section 1346(b)'"). FTCA's special venue provision requires such claims be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff's claims occurred while he was housed at USPL in Leavenworth, Kansas.

The FTCA has procedural and jurisdictional requirements. *See Staggs v. U.S. ex rel. Dep't of Health and Human Servs.*, 425 F.3d 881, 885 (10th Cir. 2005) (stating that the "FTCA's presentation requirements are jurisdictional and cannot be waived") (citation omitted). The Tenth Circuit has summarized the FTCA requirements as follows:

> Under the FTCA, filing an administrative claim with the appropriate federal agency is a prerequisite to bringing a civil action against the United States for damages for the negligence or wrongful act of any United States employee. 28 U.S.C. § 2675(a); *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977) . . . A claim is deemed presented when a federal agency receives from a claimant "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for . . . personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). "[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." *Nero v. Cherokee Nation*

> *of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989); *see also* *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991).

*Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994). Section 2675(a) provides that "[a]n action shall not be instituted" upon an FTCA claim "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." *Id*. at n.1. The amount of damages claimed in a lawsuit under the FTCA is limited to "the amount of the claim presented to the federal agency." 28 U.S.C. § 2675(b); *see McNeil v. United States*, 508 U.S. 106, 108 n.2 (1993) (citing 28 U.S.C. § 2675(a)).

Therefore, exhaustion of administrative remedies is a prerequisite to a suit under the FTCA, and courts lack jurisdiction over FTCA claims not presented to the appropriate federal agency. *See* 28 U.S.C. § 2675(a); *Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 954–55 (10th Cir. 2007). "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed." *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citation omitted). "The requirements are jurisdictional and cannot be waived." *Id*. (citation omitted); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.") (citing 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 113; *Pipkin v. U.S. Postal Service*, 951 F.2d 272, 273 (10th Cir. 1991)).

Plaintiff attaches a May 20, 2024 response from the North Central Regional Office ("NCRO") acknowledging that his original claim for $2,500,000 (TRT-NCR-2024-05113) was received on March 15, 2024. (Doc. 1–1, at 7.) The response states that the FTCA "provides that the agency has 6 months to make an administrative determination on your claim from the date such

claim was received by the appropriate agency . . . [a]ccordingly, in the matter of the above referenced claim, the government's response is not due until 09-14-2024." *Id.*

The NCRO sent another letter dated October 10, 2024, in response to Plaintiff's inquiry about his claim, noting that "[a] review of the case files in this matter reveals your claim is under review, and a response to your claim is pending." *Id.* at 8. The letter further states that "[o]nce a determination has been made, we will promptly notify you." *Id.* Another letter from the NCRO dated January 23, 2025, provides that same response indicating his claim in pending, but adding that "[p]er PS 5580.09, Inmate Property Claims; generally, claimants should receive a decision regarding their claims within six months of when they properly file the claim. As there is no statutory deadline for the completion, the date on the acknowledgement letter was provided as an estimate." *Id.* at 9. Plaintiff received another letter from the NCRO dated March 31, 2025, indicating his claim was still pending and under review. *Id.* at 10. Finally, in a letter dated February 3, 2026, the NCRO informed Plaintiff that his claim was denied, stating that "[i]nvestigation of your claim did not reveal you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment." *Id.* at 11. The letter further provides that "[t]his letter serves as a notification of final denial under 28 C.F.R. § 14.9, Final Denial of Claim . . . [i]f you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification." *Id.*

Plaintiff signed his instant Complaint on July 31, 2026. (Doc. 1, at 4.) His Complaint is postmarked August 3, 2026, and was received and filed by this Court on August 7, 2026. *Id.* at 1, 34. Under the prison-mailbox rule, a filings are timely "if [they were] given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents."

*Martinez v. Bergman*, 2026 WL 2491550, at *4 (10th Cir. 2026) (unpublished) (quoting *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005); *see also Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (applying prison-mailbox rule to an inmate's objections to a magistrate's recommendation)).

At this stage, it appears that Plaintiff has met the prerequisites for bringing a FTCA claim in this Court and venue is proper due to the claims occurring at USPL. However, although it appears that Plaintiff filed his Complaint within six months of the denial of his original claim, the Court cannot determine whether the Amended Claim remains pending, has been denied, or affects the original claim. Plaintiff attaches a copy of his amended claim seeking $7,500,000 and Plaintiff's June 15, 2026 letter seeking acknowledgement of the NCRO's receipt of the letter. (Doc. 1–2, at 2, 16–17.) Plaintiff's Amended Claim and June 15, 2026 letter have received stamps noting they were received in the NCRO on July 2, 2026. *Id.* However, Plaintiff's attachments do not include a response directed at the amended claim.

Plaintiff's Complaint does not appear to be subject to dismissal at the screening stage. Therefore, the Court finds that this case passes screening and directs the Clerk of Court to serve Defendant under Fed. R. Civ. P. 4(i).

**IT IS THEREFORE ORDERED BY THE COURT** that this case passes screening.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve Defendant under Fed. R. Civ. P. 4(i).

**IT IS SO ORDERED**.

**Dated October 2, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**